**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

EDWIN J. LIPP,                                   :
                                                 :
        Plaintiff,                               :
                                                 :         CASE NO.: 7:15-CV-76 (WLS)
v.                                               :
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
        Defendant.                               :
_____:

## <u>ORDER</u>

On May 6, 2015, Defendant Ken Stakich removed Plaintiff Edwin J. Lipp's complaint originally filed in the Magistrate Court of Lowndes County, Georgia.  (*See* Doc. 1.) Pursuant to 28 U.S.C. § 2679, the United States of America ("the United States" or "the Government") was substituted as Defendant because the United States Attorney for the Middle District of Georgia certified that Stakich was acting within the scope of his office and employment at the relevant time period as alleged in the complaint.  (*See* Docs. 3 & 3-1.) The Government has since filed a Motion to Dismiss, which has been fully briefed and is ripe for review.  (*See* Docs. 4, 7 & 8.)

On a motion to dismiss, the Court must accept all factual allegations in the complaint as true.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (citing *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)).  According to Lipp's complaint, he mailed a gift card to his son using the United States Postal Service's ("USPS") Mail Express service on March 23, 2015.  (Doc. 1-1 at 2.)  The gift card was used in Memphis, Tennessee. (*Id.*)  That location is the last known location of Lipp's mail.  (*Id.*)  Although the gift card had $1,000.00 on it, $904.58 was used by a person other than Lipp's intended recipient.  (*Id.*) The gift card was used in Memphis.  (*Id.*)  For that reason, Lipp suspects that the gift card "was stolen by a postal employee or at the very least not safeguarded by [the USPS]."  (*Id.*) Ken Stakich was the station master at the post office where Lipp mailed his package.  (*Id.*)

Lipp filed suit against Stakich in the Magistrate Court of Lowndes County, Georgia, on March 31, 2015.  (*Id.*)  On May 6, 2015, the Defendant removed the suit to this Court.  (*See* Doc. 1.)

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' "  *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  "[T]he terms of the statute or statutes waiving immunity are construed strictly, and courts may only entertain suits that are in full accord with such statutes."  *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)).  The Federal Tort Claims Act ("FTCA") waives immunity for certain claims as to the United States and its employees acting within the scope of their employment.[1]  *See* 28 U.S.C. § 2679(b)(1).  The FTCA is the exclusive remedy for claims against employees of the United States for torts, i.e. negligent or wrongful acts or omissions.  *Id.*  Specifically exempted from the FTCA's waiver of sovereign immunity are "claim[s] arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  § 2680(b).

Lipp argues that the United States waived its sovereign immunity by establishing "a routine business practice [of] offer[ing] insurance coverage, refund claims, and indemnity claims for lost, damaged or missing mail to its customers in accordance with established postal regulations."  (Doc. 7-1 at 1.)  Lipp asserts that "by establishing this routine business practice Defendant admits culpability for lost, damaged or missing mail and has waived its sovereign immunity for these types of claims."  (*Id.*)  The Court disagrees.  As noted above, the United States' waiver of sovereign immunity must be expressed by statute, and the Court must strictly construe that statute.  Without any statute waiving sovereign immunity for the type of claim asserted by Lipp's complaint, the Court must find that the USPS is immune from suit under the FTCA.  *See* 28 U.S.C. §§ 2679 & 2680(b).

---

[1] Lipp does not allege that a USPS employee stole his mail, although he stated that he suspected it.  (*See* Doc. 1-1 at 2.)  Further, Lipp does not argue that Stakich or any other particular USPS employee acted outside the scope of his or her employment in regard to the harm he suffered.

To the extent Lipp seeks to assert a contract claim against the USPS, such claim is not necessarily barred by the FTCA. *See Willett v. Morrice Post Office*, No. 05-72296, 2005 WL 1981302 (E.D. Mich. Aug. 16, 2005). A contract claim, however, is subject to the administrative exhaustion requirement. *See* 39 U.S.C. § 409(b) i/c/w 28 U.S.C. § 2675(a).[2] Lipp argues that his failure to exhaust administrative remedies should be excused because USPS representatives "advised [him] that the loss of a gift card could not be claimed." (Doc. 7-1 at 2.) To exhaust administrative remedies as to a claim against the USPS, a person must file a claim online or by mail within sixty days from the day of mailing. *Domestic Mail Manual*, §§ 609.1.4 & 609.1.5 (available at http://pe.usps.com/cpim/ftp/manuals/dmm300/609.pdf) (incorporated by reference in 39 C.F.R. § 111.1). The claimant must provide proof of loss or damage, and evidence of insurance and value. *Id.* at §§ 609.3.1 & 609.3.2. Once the USPS Accounting Services Office adjudicates the claim and determines whether to uphold a claim in full or in part, or deny a claim in full, a claimant must appeal the claim within thirty days from the date of the original decision to exhaust the administrative claim. *Id.* at §§ 609.6.2 & 609.6.3. The USPS and its employees cannot waive the FTCA's exhaustion requirement as to any type of claim. *See* 28 U.S.C. § 2675(a); 39 U.S.C. § 409(b); *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Snow v. U.S. Postal Serv.*, 778 F. Supp. 2d 102, 108 (D. Me. 2011). As such, the Court finds that even if sovereign immunity did not bar Lipp's complaint in its entirety, his failure to administratively exhaust acts as a complete bar to his claims.

For the reasons stated above, the Motion to Dismiss (Doc. 4) is **GRANTED** and Plaintiff Edwin J. Lipp's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this _27th_ day of July 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Title 39, United States Code, Section 409(b), applies certain provisions of the Federal Tort Claims Act, including the administrative exhaustion provision of 28 U.S.C. § 2675, "to suits in which the Postal Service, its officers, or employees are parties." *See Snow v. U.S. Postal Serv.*, 778 F. Supp. 2d 102, 108 (D. Me. 2011).

3